THIRD DEPARTMENT, MAY, 1995

(May 4, 1995)

AMENDED DECISION

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JAYSON, Appellant. [626 NYS2d 318] —Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered June 1, 1992, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant contends that the prison sentence he received as a second felony offender of 3 to 6 years was harsh and excessive. In rejecting this contention, we note that the sentence was well within the statutory parameters set forth for a class D felony. Although defendant was 20 years old at the time he committed the instant crime, County Court took note of the circumstances surrounding the crime as well as defendant's extensive criminal background. Furthermore, the record does not present any extraordinary circumstances warranting a modification.

The additional contentions raised by defendant in his supplemental *pro se* brief have been examined and also found to be unpersuasive. Contrary to defendant's argument, we find no validity to his claim that his right to be present at all material stages of trial was violated by County Court's brief side-bar discussions with two sworn jurors outside of defendant's presence. These conversations concerned one juror's realization that he knew defendant's step-aunt and another juror's concern about her daughter's recent arrest for shoplifting. After questioning these jurors and consulting with defense counsel, County Court allowed these jurors to continue serving on the jury. Inasmuch as defendant was not excluded from a core segment of trial, reversal is not mandated because defendant's absence did not have an effect on the opportunity to defend *(see, People v Aguilera,* 82 NY2d 23, 34).

Cardona, P. J., Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.